IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV137

| | | |
|---|---|---|
| DARRYL L. CULP and BETTIE O. CULP, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| COUNTRYWIDE HOME LOANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon the Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. The *pro se* Plaintiffs have filed a response in opposition to the Defendant's motion.

Plaintiffs originally filed their Complaint in Lincoln County Superior Court and Defendant timely removed the Complaint to this court based upon diversity jurisdiction. Plaintiffs refinanced their existing mortgage loan on their home. The Complaint alleges that Plaintiffs signed a Note pursuant to which they borrowed the sum of $341,872 from Defendant Countrywide. The Note contains an adjustable interest rate pursuant to which the rate may change every six months, but can never be greater than 15.25 percent per annum. Plaintiffs allege in Count One of the Complaint that Countrywide failed to provide them with copies of its certificate issued by the North Carolina Secretary of State granting Countrywide permission to conduct business in North Carolina and that this failure constituted fraud. In Count Two Plaintiffs allege that the rate of interest is usurious and violates the North Carolina Unfair and Deceptive Trade Practices Act. In addition to damages, Plaintiffs seek a declaration that their mortgage loan is "null and void."

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted the allegations in plaintiff's complaint are presumed true and all reasonable factual inferences must be construed in plaintiff's favor. Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc., 52 F.3d 373, 375 (D.C.Cir.1995). However, the court need not accept legal conclusions drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

The court has reviewed the Complaint and the filings of the parties and finds that the Complaint must be dismissed for failure to state a claim. North Carolina law does not require the Defendant Countrywide to provide the Plaintiffs with a copy of its certificate of authority. Accordingly, any failure to do so could not be fraudulent. Plaintiffs' claims for usury and Unfair and Deceptive Trade Practices must likewise fail as they are based upon an erroneous application of North Carolina law. The statutes cited by the Plaintiffs in their Complaint, N.C. Gen. Stat. §§ 24-1.1 and 24-5 are inapplicable to the mortgage loan at issue in this Complaint. Moreover, the interest provisions in the Note fully comply with N.C.Gen. Stat. § 24-1.1A(a)(1) which provides that parties to a home loan may contract for the payment of interest as agreed upon by the parties when the principal amount is ten thousand dollars or more. Plaintiffs' claim that the loan is usurious is without merit. Since the claim for Unfair and Deceptive Trade Practices is based upon the allegations of usury, this claim must also fail.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED.

Signed: February 17, 2009

Graham C. Mullen
United States District Judge